```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

BRIAN OLIG, DAVID OLIG, and          )
JAMES OLIG and CANDACE OLIG, on      )
their own behalf and on behalf       )
of their minor son, NICHOLAS         )
OLIG, and their minor son,           )
BRADLEY OLIG,                        )
                                     )
                 Plaintiffs          )
                                     )
          v.                         )    Case No. 2: 08 cv 301
                                     )
CITY OF HOBART POLICE                )
DEPARTMENT, HOBART POLICE            )
OFFICER PAUL OLIVER, HOBART          )
POLICE OFFICER MARK MOKRIS, and      )
HOBART POLICE OFFICER TIMOTHY        )
BURNEY,                              )
                                     )
                 Defendants          )

OPINION AND ORDER

This matter is before the court on the Verified Motion to Reconsider the Court's Ruling of August 11, 2009 [DE 20] filed by the plaintiffs on August 12, 2009, and the First Amended Motion to Reconsider the Court's Ruling of August 11, 2009 [DE 23] filed by the plaintiffs on September 8, 2009.  For the reasons set forth below, the motions are **DENIED.**

Background

On July 20, 2009, the defendants filed a Motion to Strike Plaintiffs' Designated Expert Witness because the plaintiffs had not properly disclosed their expert witness as required by Federal Rule of Civil Procedure 26(a)(2)(B)-(C).  The plaintiffs did not respond to the motion, and on August 11, 2009, this court

granted the motion to strike the expert witness based on the plaintiffs' implied concession.

The plaintiffs ask the court to reconsider its August 11, 2009 ruling. In their first motion, the plaintiffs state that the court's ruling should be reconsidered because they did not get a chance to respond to the defendant's motion. Specifically, the lead attorney on this matter proffers that he was on vacation from July 17, 2009 through July 28, 2009, and that upon his return he dictated a response to the motion that did not get filed prior to the court's ruling 13 days later.

Plaintiffs further aver that they already disclosed the substance of the expert's testimony, but that they could not produce a timely expert report because the defendants were two months late in producing their initial disclosures. These disclosures occurred on May 12, 2009. Plaintiffs also assert that they had to wait 16 days for the deposition transcript in order to forward it to the expert on June 17, 2009. Therefore, these events hampered their ability to produce the expert report on time, yet because of the expert disclosure, there would be no prejudice to the defendants to allow the motion. In closing, plaintiffs ask for additional time up to September 8, 2009, to receive and forward an expert report to the defendants and for the court to vacate its August 11 order. In their Amended Motion to Reconsider, the plaintiffs ask to extend the date to September 18, 2009.

In response, defendants oppose the motions to reconsider based on the failure to respond, the substantive deficiencies in the plaintiff's disclosures, and the amount of time and information the expert had available to make his report in a timely manner.

## Discussion

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also* *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001)("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828

See also *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir. 2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier"). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

In this instance, the plaintiffs argue that the court should reconsider the August 11, 2009 ruling. Plaintiffs cannot argue that there has been a significant change in the law or facts since the court considered the original motion to strike the expert. Neither can the plaintiffs claim that the court misunderstood their argument or that the court overreached by deciding an issue not properly before it. Instead, the plaintiffs assert that this court should reconsider its ruling because the attorney

was on vacation when the Motion to Strike was filed and, although he was back to work 13 days before the court ruled and he dictated a response to the motion, his response did not get filed with the court. It is notable, too, that the plaintiffs' response was due on August 7, 2009, yet the court waited until August 11, 2009, to rule on the apparently unchallenged motion.

None of the reasons offered by the plaintiffs are grounds for reconsideration. The plaintiffs had 15 days to respond to the Motion to Strike. On July 28, plaintiffs' counsel returned from vacation and had until August 7, 2009 - ten days - to file a response. Whether counsel dictated a response is irrelevant if that response never made it to the court. *See* ***MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.***, 2006 WL 3542332, *3 (N.D. Ill. 2006) (stating the general rule in the Seventh Circuit that a failure to respond implies concession). Under all of the circumstances, the plaintiffs have failed to demonstrate excusable neglect for failing to respond to the Motion to Strike.

_____

Therefore, the Verified Motion to Reconsider the Court's Ruling of August 11, 2009 [DE 20] filed by the plaintiffs on August 12, 2009, and the First Amended Motion to Reconsider the Court's Ruling of August 11, 2009 [DE 23] filed by the plaintiffs on September 8, 2009, are **DENIED.**

ENTERED this 6th day of November, 2009

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge